UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERKLEY SPECIALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>50 VERNON STREET DEVELOPMENT LLC and INTELLIGENT DESIGN & BUILD, LLC<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

### INTRODUCTION

This is an action for declaratory judgment and related relief. It arises out of the collapse of a three-story building (the "Building") owned by 50 Vernon Street Development LLC ("VSD") in Brookline, Massachusetts. At the time of the collapse, the Building was being renovated and converted into luxury condominiums. The general contractor for this project was a company known as Intelligent Design & Build, LLC ("IDB"). No suits have been filed, but several neighbors say their property was damaged by the collapse.

IDB is the First Named Insured under a Commercial General Liability Policy (the "Policy") issued by Berkley Specialty Insurance Company ("BSIC"). VSD has tendered to BSIC under this Policy, claiming to be an additional insured, and demanding that BSIC resolve the Neighbors' claims. For at least two reasons, BSIC has declined to do so. First, there are no "suits" yet pending against VSD, and the Policy, by its plain terms, does not provide coverage in the absence of a "suit." Second, even if a "suit" were to be filed against VSD, the Policy explicitly excludes any coverage for liability arising out of "any conversion of apartments to condominiums or

townhouses."  Since the Project in this case involved the conversion of apartments to condominiums, the Policy does not apply to this matter.

## PARTIES

1. BSIC is an insurance company.  It is incorporated in the State of Delaware with its principal place of business in Scottsdale, Arizona.  It issued Commercial General Liability Policy No. CGL 0000112195, effective June 30, 2024 – June 30, 2025 (the "Policy") to IDB as First Named Insured.

2. IDB is a limited liability company.  It is organized in Massachusetts with its principal place of business in Needham; and is the First Named Insured under the Policy.  Michael Schneider, a Massachusetts resident, is (on information and belief) the principal member of IDB.  On information and belief, none of IDB's other members are residents or citizens of Arizona or Delaware.

3. VSD is a limited liability company.  It is organized in Massachusetts with its principal place of business in Boston.  Matthew Ramey, a Massachusetts resident, is (on information and belief) the principal member of VSD.  On information and belief, no members of VSD are residents or citizens of Arizona or Delaware.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1332, because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because IDB and VSD are located in Massachusetts, and because a substantial part of the events giving rise to the parties' dispute occurred here.

## **FACTUAL BACKGROUND**

### **The Building Collapse**

6. The Building is a three-story residential property in Brookline, Massachusetts. It is owned by VSD, which has obtained a permit to convert the Building to residential condominiums. The project involves a gut renovation of the Building's three existing floors, and the addition of a fourth floor.

7. Sometime in 2024, VSD hired IDB as general contractor to execute the condo conversion. On February 16, 2025, while this project was underway, the Building collapsed. The cause of the collapse is not clear.

8. The collapse of the Building allegedly caused damage or loss of use of various neighbors' properties. Although no lawsuits have been filed to date, IDB and VSD have directed these neighbors to BSIC as IDB's liability insurer.

### **The BSIC Policy**

9. The Insuring Agreement of the Policy provides:

> We will pay those sums that the insured becomes **legally obligated to pay as damages** because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured **against any 'suit'** seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result.

(Emphasis added.) The Policy defines "suit," as:

> a civil proceeding in which damages because of "bodily injury,' 'property damage,' or 'personal and advertising injury' to which this insurance applies are alleged. 'Suit' includes [1] an arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or [2] any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

10. The Policy provided additional insured coverage to other entities, with whom IDB had a written contract requiring such coverage, for liabilities that IDB caused in whole or in part. Here, VSD claims its construction contract requires it to be listed as an additional insured on IDB's commercial general liability policies.

11. In addition, the Policy includes various exclusions, conditions, or limitations from coverage that preclude coverage for these claims. One such exclusion (the "Conversion Exclusion") appears in an Endorsement titled "COVERAGE LIMITATION AND EXCLUSION – RESIDENTIAL CONSTRUCTION OPERATIONS." It provides, in pertinent part:

> This insurance does not apply to:
>
> 1. "Bodily injury", "property damage", "personal and advertising injury", or medical payments arising out of, resulting from, related to, or in any way connected with, either directly or indirectly, your ongoing operations, "your product" or "your work" performed by or on your behalf of any insured, either prior to or during the policy period that is incorporated into or performed at any of the following construction projects: ....
>
>    c. Any conversion of apartments to condominiums or townhouses, regardless of the number of buildings, developments, phases or associations.
>
> 2. Costs and expenses to investigate or defend any claim, "suit" or payment of any fine or penalty related to any of the operations in A.1. above.

## Insurance Claims

12. IDB and VSD have tendered claims to BSIC under the Policy.

13. On May 5, 2025, BSIC sent a letter to IDB, denying coverage based on the fact that the building was being converted from apartments to condominiums at the time of the collapse.

14. On August 25, 2025, BSIC sent a letter to VSD, declining coverage under the Policy on essentially the same grounds and also stating that BSIC had no duties in the absence of a "suit."

IDB and VSD do not agree with BSIC's coverage position. They believe that the Policy should be required to respond and provide coverage for the Neighbors' claims.

## COUNT I

### Declaratory Judgment
### No Pre-Suit Duty to Defend

15. BSIC realleges and incorporates the foregoing allegations as if set forth herein.

16. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, BSIC is entitled to a determination concerning the parties' rights and obligations, if any, under the Policy.

17. Specifically, BSIC is entitled to a declaration that in the absence of a "suit," BSIC has no duty to defend or settle any Neighbor's claims against IDB or VSD.

18. There exists an actual and justiciable controversy on this matter, as to which BSIC has no adequate remedy at law.

## COUNT II

### Declaratory Judgment
### Policy Exclusions

19. BSIC realleges and incorporates the foregoing allegations as if set forth herein.

20. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, BSIC is entitled to a determination concerning the parties' rights and obligations, if any, under the Policy.

21. Specifically, BSIC is entitled to a declaration that even if a "suit," for "damages," were to be filed by one or more Neighbors, BSIC has no duty to defend or settle, due to the exclusions, conditions, or limitations contained in the Policy, including, specifically the Conversion Exclusion.

22. There exists an actual and justiciable controversy on this matter, as to which BSIC has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, BSIC prays for judgment as follows:

A. On Count I, a declaration that BSIC has no duty to defend or settle any pre-suit claims against VSD or IDB;

B. On Count II, a declaration that BSIC has no duty to defend or indemnify IDB or VSD as a result of the conditions, exclusions and limitations of the Policies (including, specifically, the Policy's Conversion Exclusion); and

C. Such other and further relief as is just and proper.

    Respectfully submitted,

    BERKLEY SPECIALTY INSURANCE COMPANY

    By counsel,

    /s/ Eric B. Hermanson_____
    Eric B. Hermanson (BBO #560256)
    Austin D. Moody (BBO #704315)
    WHITE AND WILLIAMS LLP
    101 Arch Street, Suite 1930
    Boston MA  02110-1103
    Telephone: (617) 748-5200
    Fax: (617) 748-5201
    hermansone@whiteandwilliams.com
    moodya@whiteandwilliams.com

Dated: August 25, 2025

**CERTIFICATE OF SERVICE**

I, Austin D. Moody, certify that a true and correct copy of the foregoing document was filed through the ECF system and served electronically to all registered participants as identified on the Notice of Electronic Filing on this 25th day of August, 2025.

/s/ Austin D. Moody
Austin D. Moody